IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RAUL PACHECO and ISRAEL PACHECO,
    Plaintiffs,

-vs-                   Case No. A-08-CA-187-SS

DIBCO UNDERGROUND, INC. and DIBCO
UNDERGROUND LIMITED,
    Defendants.

## ORDER

BE IT REMEMBERED on the 13th day of February the Court called the above-styled cause for a hearing, and the parties appeared through counsel. Before the Court were the Motion for Summary Judgment filed by Defendants Dibco Underground, Inc. ("Dibco") and Dibco Underground Limited ("Dibco Ltd." or collectively with Dibco, "Defendants") [#84] and its appendix [#89], Plaintiff Raul Pacheco ("Pacheco") and Israel Pacheco (collectively with Pacheco, "Plaintiffs")' response thereto [#92], Defendants' reply thereto [#96], Plaintiffs' reply thereto [#98], the supplement to Plaintiffs' reply [#102], Defendants' supplement thereto [#113, Ex. A], Plaintiffs' supplemental response thereto [#118], and Defendants' post-argument evidence [#120]; and Defendants' Motion to Expedite the Oral Hearing on Defendants' Motion for Summary Judgment [#99].

In the interest of developing the record as fully as possible, Defendants' motion to supplement their motion for summary judgment [#113], Plaintiffs' Motion for Leave to File a Supplemental Response [#118], and Defendants' motion to file post-argument evidence in support of its motion for summary judgment [#120] are GRANTED. Having considered the motion, the response, and the reply,

the arguments of counsel at the hearing, the relevant law, and the case file as a whole, the Court enters the following opinion and order.

## BACKGROUND

The undisputed facts are as follows. Defendant Dibco was the general contractor for the City of Austin sewer project. Roland Edward Contracting ("REC") was one of Dibco's subcontractors, and was undisputedly operating as an independent contractor on the sewer project. Pacheco, who at the time was undisputedly an employee of REC, was injured on June 14, 2007 while working on the sewer project.

Dibco contends it paid workers' compensation insurance to Texas Mutual Insurance ("TMI") for all REC employees, including Pacheco, at all pertinent times. Dibco also contends Pacheco was an "employee" of Dibco's (and not just REC's), such that Pacheco's civil claims against Dibco are barred by the exclusive remedy provision of the Texas Worker's Compensation Act ("TWCA"). *See* TEX. LAB. CODE § 408.001(a).

However, TMI, the workers' compensation insurer, has contended there was no insurance coverage for Pacheco and therefore Pacheco has no workers' compensation cause of action. Thus in the present action, Pacheco sues Dibco on a common law tort theory of negligence, and Dibco Ltd. on a theory of alter ego, such that Dibco Ltd. is allegedly liable for Dibco's liability.

## ANALYSIS

**I.    Summary Judgment Standard**

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the

nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial, and may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the non-movant's burden. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## II. Discussion

### (a) Exclusive Remedy Provision of the TWCA

The crux of the parties' dispute is whether Pacheco was Dibco's "employee" for the purposes of the TWCA, as a finding that Pacheco was Dibco's employee under the act at the time of his accident would mean TWCA's exclusive remedy provision applies to the dispute between Pacheco and Dibco. The provision provides: "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage...against the employer...for the death of or a work-related injury sustained by the employee." TEX. LAB. CODE § 408.001(a). In other words,

a covered employee of an employer who has obtained workers' compensation insurance coverage (or is self-insured) in accordance with TWCA has no right of action against the employer at common law, or under any other state statute, to recover damages for personal injury or death sustained in the course and scope of his employment. Instead, the employee is required to bring his case before the workers' compensation commission, rather than before the courts.[1]

### (b) Burden of Proof

The applicability of TWCA's exclusive remedy provision is an affirmative defense that must be asserted and proven by the employer. *Morales v. Martin Res., Inc.*, 183 S.W.3d 469, 471 (Tex. App.–Eastland 2005, no pet.); *Pierce v. Holiday*, 155 S.W.3d 676, 678 (Tex. App.–Texarkana 2005, no pet.). To prove the defense, the defendant bears the burden of establishing: (1) it was the plaintiff's employer; and (2) it was covered by a workers' compensation insurance policy. *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475-477 (Tex. 2005). If summary judgment is sought based on the exclusive remedy provision, the employer must establish the applicability of the defense as a matter of law. *Morales v. Martin Res., Inc.*, 183 S.W.3d 469, 471-473 (Tex. App.–Eastland 2005, no pet.).

### (c) Whether Pacheco was a Covered Employee of Dibco under TWCA

The general definitions section of the TWCA provides that an "employee" is a person "in the service of another under any contract of hire, whether express or implied, oral or written." TEX. LAB. CODE § 401.012(a). The term includes a person, other than an independent contractor or the employee of an independent contractor, who is engaged in construction, remodeling, or repair work for the

---

[1] The Texas Department of Insurance, division of workers' compensation, administers and operates the workers' compensation system. *Id.* § 402.001. An employee covered by the TWCA will generally be compensated for an injury without regard to fault or negligence if the injury arises out of and in the course and scope of employment. *See* TEX. LAB. CODE § 406.031(a).

employer at the employer's premises. *Id.* § 401.012(b)(2). An "employer," on the other hand, is a person who makes a contract of hire and has workers' compensation insurance coverage. *Id.* § 401.011(18). It is well-settled that employees may have more than one employer within the meaning of the TWCA, and each employer may raise the exclusive remedy provision to bar the employee's common law claims. *Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 140 (Tex. 2003). It is undisputed in the present case Dibco is a "general contractor,"[2] and REC—one of Dibco's subcontractors and Pacheco's employer—was acting as an independent contractor.[3] Dibco contends, however, that Pacheco was *also* the employee of Dibco. In support of this contention, Dibco points specifically to two provisions of the Texas Labor Code, which purportedly establish Pacheco was Dibco's statutory "employee" for the purposes of the TWCA.

1. **Texas Labor Code § 406.122**

First, both parties cite Texas Labor Code § 406.122 as useful in determining whether Pacheco is an "employee" of Dibco. The section provides:

> (a) For purposes of workers' compensation insurance coverage, a person who performs work or provides a service for a general contractor or motor carrier who is an employer under this subtitle is an employee of that general contractor or motor carrier, unless the person is:
>
> (1) operating as an independent contractor; or

---

[2]The TWCA defines a "general contractor"as one who undertakes to procure the performance of work or a service, either separately or through the use of subcontractors. *Id.* § 406.121(1).

[3]The TWCA defines an "independent contractor" as one who contracts to perform work or provide a service for the benefit of another and who ordinarily (1) acts as an employer by paying the wages and directing the activities of any employees, (2) is free to determine the manner in which the work or service is performed, (3) is required to furnish or have employees furnish necessary tools, supplies, or materials, and (4) possesses the skills required for the specific work or service. *Id.* § 406.121(2).

>     (2) hired to perform the work or provide the service as an employee of a person operating as an independent contractor.
>
> (b) A subcontractor and the subcontractor's employees are not employees of the general contractor for purposes of this subtitle if the subcontractor:
>
>     (1) is operating as an independent contractor; and
>
>     (2) has entered into a written agreement with the general contractor that evidences a relationship in which the subcontractor assumes the responsibilities of an employer for the performance of work.

Plaintiffs argue that under § 406.122(a)(2), Pacheco cannot be an employee of Dibco because he was hired by REC, an entity that was undisputedly operating as an independent contractor.

However, Dibco argues that § 406.122(b) is actually the controlling provision, as it addresses specifically the relationship between a general contractor and a subcontractor, and purportedly provides that the *only* situation in which a subcontractor's employees are not employees of the general contractor is when the subcontractor is (1) an independent contractor and (2) has entered into a written agreement with the general contractor as described in (b)(2). It is undisputed no such agreement existed between Dibco and REC. Plaintiffs respond, however, that § 406.122(b) is merely a method to *conclusively* establish the status of a subcontractor's employees, but is emphatically not an "either-or" provision, such that if a subcontractor does not comply with the provision its employees are automatically deemed employees of the general contractor. This is also a plausible reading of § 406.122(b) based on its language, and a much less restrictive one.

The Austin Court of Appeals (in an unpublished opinion, but the only case either party could find addressing the provision) described § 406.122 as follows:

> According to [§ 406.122], a person performing work for a general contractor is presumed to be an employee of the general contractor. Likewise, a subcontractor's employees are viewed as employees of the general contractor *unless the subcontractor*

*meets two conditions*: (1) it operates as an independent contractor and (2) it enters into a written agreement with the general contractor "evidenc[ing] a relationship in which the subcontractor assumes the responsibilities of an employer for the performance of work."

*Bedrock Gen. Contractors, Inc. v. Texas Workers' Comp. Ins. Fund*, not reported in S.W.3d, 2001 WL 253594 at *2 (Tex. App.–Austin 2001) (emphasis added). Defendants argue the opinion appears to assume, consistently with Defendants' interpretation, that § 406.122(b) establishes the only instance in which a subcontractor's employees are not presumed to be employees of the general contractor.

However, the Court is not convinced this is the case. In *Bedrock*, the court of appeals was considering whether an employer's workers' compensation insurance premium basis should include certain employees who performed work for a subcontractor. But neither party disputed whether § 406.122(b) applied—instead, the employer relied upon a TWCC-85 form to establish independent contractor status.[4] Thus, the court of appeals appears in *Bedrock* to simply assume the interpretation of § 406.122(b) that was put forth by the parties. Of course, even if the court of appeals in *Bedrock* did intentionally set forth an interpretation of § 406.122(b) consistent with Defendants' view, which the Court finds doubtful, the opinion is entirely without precedential value as it was not designated for publication. *See* TEX. R. APP. P. 47.7.

Although no other cases have explicitly considered § 406.122(b) and its application, Texas legal treatises on the law appear to assume Plaintiffs' interpretation. For instance, Dorsaneo's *Texas Litigation Guide* provides:

---

[4]The Texas Workers' Compensation Commission has created a form which can constitute a written agreement as required by § 406.122(b)(2) once executed properly by a general contractor and a subcontractor and filed with the agency. The form is entitled "Agreement Between General Contractor and Subcontractor to Establish Independent Relationship," also known as a TWCC-85 form. But use of the TWCC-85 form is optional; parties are free to draft their own written agreements to evidence an independent relationship. *Bedrock*, 2001 WL 253594 at *3.

> Generally, neither a subcontractor nor the subcontractor's employees are considered employees of the general contractor for purposes of workers' compensation. This is true if the subcontractor is operating as an independent contractor and has entered into a written agreement with the general contractor under which the subcontractor assumes the responsibilities of an employer for the performance of work. Tex. Lab. Code § 406.122(b).

21 William V. Dorsaneo III, *Texas Litigation Guide*, § 340.03 (2009). Thus, the general rule is assumed to be that "neither a subcontractor nor the subcontractor's employees are considered employees of the general contractor for purposes of workers' compensation," and this can be conclusively established if the provisions of § 406.122(b) are followed.

"It is cardinal law in Texas that a court construes a statute, 'first by looking to the plain and common meaning of the statute's words.'" *Fitzgerald v. Advanced Spine Fixation, Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). If the meaning of the statutory language is unambiguous, the court should adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. *Id.* Furthermore, a court should consider statutory language in context, so as not to give any provision "a meaning that is out of harmony or inconsistent with other provisions in the statute." *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003).

In the present case, the plain meaning of § 406.122(b) is that if the subcontractor fits the two requirements set forth in the provision, his employees will *not* be deemed employees of the general contractor. Defendants urge a much wider interpretation of this statute should apply as well, assuming the inverse is also mandated: if a subcontractor does not fit the requirements set forth in the provision, his employees *are* automatically deemed employees of the general contractor. But the provision's unambiguous terms simply do not say this, and Defendants' interpretation calls the Court to read more into the statute than is there. Defendants' interpretation also appears to be out of harmony with other related statutory provisions, such as § 406.123 (discussed *infra*), which put forth several other

circumstances in which a subcontractor's employee will also be considered an employee of the general contractor for the purposes of the TWCA. *See* TEX. LAB. CODE §§ 406.123(a), (b), (e), (h). If the Court were adopt Defendants' broad interpretation of § 406.122(b), it would render these provisions redundant and unnecessary.

In conclusion, the Court disagrees with Defendants interpretation of § 406.122(b), the meaning of which is unambiguous, and finds that although REC undisputedly did not meet the second requirement of § 406.122(b), this does not mean Pacheco is automatically considered an employee of Dibco as a matter of law under that section. Section 406.122(b) does not, by its plain language, purport to set forth the only situation in which the employees of a subcontractor will not be considered employees of the general contractor under the TWCA. Defendants' motion for summary judgment is therefore DENIED on this ground.

1. **Texas Labor Code § 406.123**

In the alternative, Defendants contend Pacheco is deemed an employee of Dibco under Texas Labor Code § 406.123, as Dibco allegedly provided workers' compensation insurance for Pacheco pursuant to a written agreement with REC. Section 406.123 permits general contractors, such as Dibco, to enter into a written agreement with a subcontractor, such as REC, whereby the subcontractor's employees are "deemed" employees of the general contractor for purposes of the TWCA. TEX. LAB. CODE § 406.123(a), (e).[5] For this provision to apply, however, the general contractor and the

---

[5]To be exact, § 406.123 provides in relevant part:

(a) A general contractor and a subcontractor may enter into a written agreement under which the general contractor provides workers' compensation insurance coverage to the subcontractor and the employees of the subcontractor...

(e) An agreement under this section makes the general contractor the employer of the subcontractor and the subcontractor's employees only for purposes of the workers'

-9-

subcontractor must *agree in writing* that the general contractor will provide workers' compensation coverage to the subcontractor and the subcontractor's employees. *Id.* If the parties have such a written agreement, the subcontractor and its employees will be considered employees of the general contractor for purposes of the TWCA. *Id.*

Dibco contends REC and Dibco entered into such a written agreement in compliance with § 406.123(a), entitled "Agreement Between General Contractor and Subcontractor to Provide Workers' Compensation Insurance" (the "Insurance Agreement"). The Insurance Agreement was signed by Ed Dimillo, on behalf of Dibco, and Roland Ramirez, on behalf of REC, on September 20, 2005. *See* Defs.' Mot. Summ. J. at Ramirez Depo., Ex. 38. The Insurance Agreement, however, explicitly states it is operative for a term from October 3, 2005 through October 6, 2006. *Id.* Pacheco was injured in June of 2007, well after the Insurance Agreement had expired. Defendants, however, contend the Insurance Agreement "was never intended to lapse" in October of 2006, and instead was intended to remain in effect until the end of the project. Defs.' Mot. Summ. J. at 8.

Waiver, of course, "is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." *In re General Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006). Thus, "[w]aiver is ordinarily a question of fact" to be decided by the jury. *Id.* The present case is no exception. The circumstances here may indicate many things, including inattention or a certain lack of care on the part of the parties involved, but they do not unequivocally imply that the parties intended to waive an express provision in their agreement. *See Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351, 353 (Tex. 2005) ("While waiver may sometimes be established by conduct, that conduct must be unequivocally inconsistent with claiming

---

compensation laws of this state.

a known right."). In short, Defendants' contentions simply do not establish as a matter of law that the explicit term provision in the Insurance Agreement was waived.

Plaintiffs are therefore correct in their contention that there is an issue of fact as to whether the term provision in the Insurance Agreement was waived.[6] Defendants' motion for summary judgment is thus DENIED on this ground.

## CONCLUSION

In accordance with the foregoing,

IT IS ORDERED that Defendants' motion to supplement their motion for summary judgment [#113] is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [#84] is DENIED.

SIGNED this the 28th day of February 2009.

                         /s/ Sam Sparks
                         SAM SPARKS
                         UNITED STATES DISTRICT JUDGE

---

[6]Plaintiffs also question the authenticity of the Insurance Agreement for various reasons: Dibco has apparently produced only a copy of the agreement but is unable to locate the original; Dibco allegedly did not produce the agreement until after Plaintiffs had requested "all agreements between Dibco and REC" 3 times, and 7 months after the first request; the signatories of the agreement apparently stated they were not aware of such an agreement in their initial depositions; the agreement expressly requires Dibco to send a copy to TMI, and Plaintiffs contend Dibco did not do so; and, finally, Plaintiffs object that the Agreement is unauthenticated and therefore hearsay. Any authenticity objection of Plaintiffs is carried and may be reasserted at trial.